Robert W. HALL, Petitioner—
Appellant,

v.

Randy BELLARD; et al., Defendants—
Appellees.

No. 04–16610.

United States Court of Appeals,
Ninth Circuit.

Submitted May 23, 2005.[*]

Decided Dec. 8, 2005.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert W. Hall, Las Vegas, NV, pro se.

Matthew J. Sanders, Esq., Norman L. Rave, Esq., Department of Justice Environment & Natural Resources Division, Washington, DC, Blaine T. Welsh, Office of the U.S. Attorney, Las Vegas, NV, for Defendants–Appellees.

Before: SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

The plaintiff appeals pro se the District Court's summary judgment in favor of the United States Department of Transportation ("Department") and individual federal defendants in his action challenging the Department's determination that local transportation plans and programs in the Las Vegas region of the State of Nevada conformed with the requirements of the Clean Air Act (CAA), 42 U.S.C. §§ 7401–7671.

He alleges that one of the local transportation programs and the Department's conformity determinations are subject to the requirements of the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321–47, and the Administrative Procedure Act (APA).

In addition, plaintiff also alleges that the Department improperly based its conformity determination on a proposed CAA State Implementation Plan that he contends was invalidated by this Court's decision in *Hall v. EPA,* 273 F.3d 1146 (9th Cir.2001).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We affirm the District Court's dismissal of the first four claims of the plaintiff's complaint and grant of summary judgment to the federal defendants on the last claim. We also hold that plaintiff's procedural claims regarding the administrative record and denial of oral argument lack merit.

■ First, the District Court was correct in holding that the transportation programs under review in this case are not subject to the environmental review requirements of the NEPA. The Department's review of a plan or program submitted by a Metropolitan Planning Organization is specifically excluded from NEPA requirements by the Transportation Equality Act, 23 U.S.C. § 134(o).

■ Second, the plaintiff claims the Department's conformity determinations, mandated by the CAA, are subject to NEPA. This claim is rejected by law. "No action taken under the Clean Air Act shall be deemed a major Federal action significantly affecting the quality of the human environment within the meaning of the National Environmental Policy Act of 1969." 15 U.S.C. § 793(c)(1).

■ Third, plaintiff also claims the conformity determinations are invalid because the Department did not comply with the APA's notice and comment requirements. Only "rule making," however, is subject to notice and comment. *Lincoln v. Vigil*, 508 U.S. 182, 195–96, 113 S.Ct. 2024, 124 L.Ed.2d 101 (1993). The conformity determinations are not rules, but case-by-case assessments of whether a plan or program meets specific criteria. Therefore, the APA rule-making requirements do not apply.

■ Fourth, the plaintiff claims that the Department was not permitted to base a conformity determination on motor vehicle emission budgets that were included in an unapproved State Implementation Plan.

EPA regulations, however, provide that conformity determinations must be based on these budgets if they have been found to be adequate. 40 C.F.R. 93.118(e)(1). The budgets in this case were found to be adequate, so the Department's reliance on them was correct.

■ Fifth, the plaintiff claims the proposed State Implementation Plan was invalidated by this Court in *Hall*, 273 F.3d at 1146. However, the Department's conformity determination in the present case was based on sections of the State Implementation Plan, namely the motor vehicle emission budgets, that were not under review in *Hall*. The motor vehicle emissions budgets were published in the Federal Register after the plaintiff filed his complaint in *Hall v. EPA* and, therefore, were not at issue in *Hall*.

Additionally, the procedural error claims of the plaintiff are without merit. In order to resolve wholly legal issues, such as those involved in a Federal Rule of Civil Procedure 12(b)(6) motion, a district court does not require reference to an administrative record.

The District Court was also not required to hear oral argument in this case. The Court gave the plaintiff ample opportunity to address his arguments in writing, which he did. Therefore, plaintiff was not unfairly prejudiced by the lack of oral argument. *Cf. Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir.1991) (finding denial of a hearing not unfairly prejudicial where the party "had the opportunity to apprise the district court of any arguments it believed supported its position" by submitting memoranda of law and evidence).

AFFIRMED.